■ FOREST HILLS GARDENS CORPORATION, Appellant-Respondent, v WEST SIDE TENNIS CLUB, Respondent-Appellant. [806 NYS2d 591]—

In an action, in effect, to recover unpaid maintenance charges and for an award of an attorney's fee, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated October 26, 2004, as denied its cross motion for summary judgment on the complaint, and the defendant cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and for judgment on its counterclaims seeking, among other things, declaratory relief.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on so much of the complaint as seeks to recover unpaid maintenance charges, and substituting therefor a provision granting that branch of the cross motion, (2) deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as seeks an award of an attorney's fee, and substituting therefor a provision granting that branch of the motion, and (3) adding a provision thereto that, upon searching the record, summary judgment is awarded to the plaintiff with respect to the defendant's counterclaims; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate declaratory judgment.

The plaintiff is a not-for-profit corporation and a homeowners association for a private residential community development known as Forest Hills Gardens in Queens. The defendant, a tennis club, owns two parcels in the community. According to the 1913 Declaration filed by the original developers, the annual maintenance charge for one of the defendant's parcels was limited to $400 as long as it was used for club purposes; the defendant's other parcel was subject to a maximum annual charge of two mills ($.002) per square foot area, as were all the other parcels in the community.

Since 1924 the defendant paid increased maintenance charges for both parcels well above the 1913 caps, although at a lesser rate than the other property owners. In 2001 the defendant claimed that the 1913 Declaration limited its annual mainte-

nance charges to $400, and it refused to pay more than that amount. The plaintiff informed the defendant that since it was in arrears, parking decals would not be issued to the defendant's nonresident club members. The plaintiff then commenced this action to recover the unpaid maintenance charges and for an award of an attorney's fee, and the defendant interposed counterclaims, inter alia, asserting that the annual maintenance charges were limited to $400, and alleging that the plaintiff acted unreasonably and in bad faith in its refusal to issue parking decals to the defendant's membership, and that the current fees for the decals were excessive and unlawful.

The Supreme Court should have granted that branch of the plaintiff's cross motion which was for summary judgment on so much of the complaint as seeks to recover unpaid maintenance charges. As the plaintiff correctly contends, it was authorized to increase the defendant's original maintenance charges since the 1913 caps were terminated and replaced with new charges. A modification provision of the Declaration provided for termination of the original maintenance charges after 1923. The record demonstrates that, in 1924, the defendant agreed to increase its maintenance charges at a rate comparable to the millage rate of the other property owners. Furthermore, the defendant signed assents in 1944, 1965 and 1986, each extending the terms of the 1913 Declaration for an additional 20 years, including all agreements increasing the maintenance charges. In reviewing the reasonableness of the plaintiff's exercise of authority, "absent claims of fraud, self-dealing, unconscionability or other misconduct," judicial inquiry as to the reasonableness of the maintenance charges is limited to whether they were authorized, and whether they were assessed in good faith and in furtherance of the corporation's interests (*Forest Hills Gardens Corp. v Evan*, 12 AD3d 563 [2004]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). The defendant failed to raise a triable issue of fact regarding the reasonableness of the plaintiff's exercise of authority.

In light of our determination, we need not address the plaintiff's remaining contentions regarding its increase of the 1913 maintenance charges.

However, the plaintiff is not entitled to an attorney's fee (*see Chapel v Mitchell*, 84 NY2d 345, 348-349 [1994]). Therefore, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as seeks such an award.

Upon searching the record, we award summary judgment to the plaintiff with respect to the defendant's counterclaims (*see*

*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106 [1984]). With respect to the defendant's counterclaim regarding the parking fees, there is no evidence in the record to support the conclusion that they are unreasonable or that they were enacted by the board of directors in bad faith (*see Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508 [1989]). Similarly, the record is devoid of any evidence that the plaintiff acted unreasonably or in bad faith in its refusal to issue parking decals to the defendant's nonresident visitors based on the defendant's failure to pay its maintenance. Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.