■ KAREN CABABE et al., Respondents, v ESTATES AT BROOKVIEW HOMEOWNER'S ASSOCIATION, INC., et al., Appellants. [859 NYS2d 742]—

In an action, inter alia, for a judgment declaring that a document entitled "Determination and Notice of Violation" issued by the Board of Directors of the Estates at Brookview Homeowner's Association is null and void, the defendants appeal, as

limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated January 19, 2007, as granted that branch of the plaintiffs' motion which was for summary judgment declaring that the document entitled "Determination and Notice of Violation" is null and void and denied their cross motion for summary judgment and for an award of an attorney's fee pursuant to the Association's bylaws and "Declaration of Restrictions, Covenants, and Easements."

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the document entitled "Determination and Notice of Violation" is null and void.

The plaintiffs own 1 of 20 lots comprising a subdivision known as Estates at Brookview. As such, the plaintiffs are members of the Estates at Brookview Homeowner's Association (hereinafter the Association) and subject to its bylaws and "Declaration of Restrictions, Covenants, and Easements" (hereinafter the Declaration). In the fall of 2004 the plaintiffs constructed a shed on their property. Upon inspection of the completed structure by the Town of Chester's Building Inspector, the shed was approved and the plaintiffs were issued a certificate of compliance.

After complaints about the shed were received by the Board of Directors of the Association, the plaintiffs received a document entitled "Determination and Notice of Violation" (hereinafter the DNV), issued by the Board, advising them that their shed violated certain provisions of the Declaration. The plaintiffs contend that the Board lacked the authority to issue the DNV.

In reviewing the actions of a homeowners' association and its board of directors, "absent claims of fraud, self-dealing, unconscionability or other misconduct, a court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the corporation" (*Captain's Walk Homeowners Assn. v Penney*, 17 AD3d 617, 618 [2005] [internal quotation marks and citations omitted]; *see Forest Hills Gardens Corp. v West Side Tennis Club*, 23 AD3d 338, 340 [2005]; *Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508, 508-509 [1989]).

"The business judgment rule protects the board's business decisions and managerial authority from indiscriminate attack. At the same time, it permits review of improper decisions, as when the challenger demonstrates that the board's action has no legitimate relationship to the welfare of the [development],

deliberately singles out individuals for harmful treatment, is taken without notice or consideration of the relevant facts, or is beyond the scope of the board's authority" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 540 [1990]; *see Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52, 54 [1998]).

The plaintiffs established their prima facie entitlement to summary judgment declaring that the DNV is null and void. The relevant provisions in the Declaration are unambiguous and require that each lot owner "prevent the development of any unclean, unsightly or unkempt conditions of buildings or grounds on such lot which would tend to substantially detract from the natural beauty and residential character of the subdivision." They do not give the Board the authority to regulate the type or shape of a building, such as the shed, erected on a homeowner's property and conforming to the applicable zoning laws and regulations, only the condition of such building. Since the defendants cannot point to any other basis for the Board's authority for issuing the DNV, and since they failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment declaring that the DNV is null and void, and denied the defendants' cross motion for summary judgment and for an award of an attorney's fee.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment declaring that the DNV is null and void (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed*, 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.