■ 19 POND, INC., et al., Appellants, v GOLDENS BRIDGE COMMUNITY ASSOCIATION, INC., et al., Respondents. [37 NYS3d 305]—

In an action, inter alia, for specific performance of a contract to purchase real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), dated February 5, 2014, as denied their motion for summary judgment on the issue of liability on the first, second, and sixth causes of action in the complaint and dismissing the defendants' affirmative defenses, granted that branch of the cross motion of the defendants Leslie Klainberg and Deirdre Ann Jones, as executor of the estate of Tina Moreau Jones, which was for summary judgment dismissing the complaint insofar as asserted against them, and granted the cross motion of the defendants Goldens Bridge Community Association, Inc., Ronald Arnstein, Dan Fast, Kenneth Finkelman, and Mera Eisen for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

On March 13, 2012, Tina Moreau Jones (hereinafter Jones), as seller, and 19 Pond, Inc. (hereinafter 19 Pond), as purchaser, entered into a contract for the sale of certain real property located within a homeowner's association known as Goldens Bridge Association, Inc. (hereinafter the association). A rider to the contract provided that the purchaser acknowledged that the transaction was "subject to the waiver, or deemed waiver, of the right of first refusal" held by the association, as set forth

in article 10 of the association's Declaration and Restrictive Covenants (hereinafter the declaration). On March 13, 2012, Jones advised the association of the contract of sale and requested that it waive its right of first refusal. By letter dated March 27, 2012, the association exercised its right of first refusal to purchase the property. Thereafter, Jones informed 19 Pond of the association's exercise of its right of first refusal and returned 19 Pond's down payment. On April 18, 2012, Jones and the association entered into a contract for the sale of the property. The association assigned its rights under the contract to Leslie Klainberg, who purchased the property on May 10, 2012.

19 Pond and Neal Hicks, its sole shareholder, then commenced this action, inter alia, for specific performance, against Klainberg and Jones, and the association and the members of the association's Board of Directors (hereinafter the board; hereinafter collectively the association defendants). The plaintiffs alleged that the association's exercise of the right of first refusal and assignment of the sales contract was void and unenforceable. The plaintiffs moved for summary judgment on the issue of liability on the first, second, and sixth causes of action in the complaint and dismissing the defendants' affirmative defenses. Klainberg and Jones cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the association defendants separately cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the plaintiffs' motion and awarded summary judgment to Klainberg and Jones and the association defendants dismissing the complaint insofar as asserted against them. The plaintiffs appeal.

In reviewing the actions of a homeowners' association, a court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the association (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]; *Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc.*, 108 AD3d 697, 699 [2013]; *Cababe v Estates at Brookview Homeowner's Assn., Inc.*, 52 AD3d 557, 558 [2008]). The business judgment doctrine does not apply when a board acts outside the scope of its authority (*see Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc.*, 108 AD3d at 699; *R & L Realty Assoc. v 205 W. 103 Owners Corp.*, 98 AD3d 421, 422 [2012]; *Wirth v Chambers-Greenwich Tenants Corp.*, 87 AD3d 470, 472 [2011]).

Here, the declaration provides that, in the event an owner desires to sell his or her property: (a) the owner must first give written notice to the association, (b) the association has 30 days in which to agree to purchase the property, and (c) such option must be exercised by the association in writing. If the association exercises its option to buy, a contract must be entered into within two weeks after such acceptance, providing for a closing no later than 60 days from such acceptance.

The contract entered into by 19 Pond and Jones specifically provided that the purchaser acknowledged that the transaction was subject to the waiver, or deemed waiver, of the right of first refusal held by the association as set forth in the declaration. Further, the board, on behalf of the association, exercised the right of first refusal within the time period set forth in the declaration.

The plaintiffs' contention that the board did not have the authority to exercise the association's right of first refusal because the board's actions violated the association's governing documents is without merit. Moreover, the defendants established that the board's actions on behalf of the association were taken in good faith and in furtherance of the legitimate interests of the association.

While the plaintiffs correctly contend that an initial email vote by the members of the board authorizing the exercise of the association's right of first refusal did not constitute a valid act of the board (*see* N-PCL 708; *see also* Business Corporation Law § 708), the email vote, and the board's exercise of the association's right of first refusal, was subsequently ratified by a majority of the members of the board voting in person (*see Skytrack Condominium Bd. of Mgrs. v Windberk Partners*, 167 AD2d 381 [1990]; *see also Board of Mgrs. of Soho Greene Condominium v Clear, Bright & Famous LLC*, 106 AD3d 462 [2013]). Accordingly, the plaintiffs' objections to the board's voting process failed to provide a basis for invalidating the association's right of first refusal. Moreover, the association's brief delay in entering into a sales contract with Jones did not provide a basis for invalidating the association's actions. Contrary to the plaintiffs' contentions, the board's actions did not violate any other provisions of the association's governing documents.

In sum, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the board's actions were authorized and lawful pursuant to the association's governing documents and were in furtherance of a legitimate interest of the association, and that the contract

between 19 Pond and Jones was properly cancelled pursuant to its terms. In opposition, the plaintiffs failed to raise a triable issue of fact. The Supreme Court therefore properly granted that branch of the cross motion of Klainberg and Jones which was for summary judgment dismissing the complaint insofar as asserted against them, and granted the cross motion of the association defendants (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court also properly denied the plaintiffs' motion for summary judgment on the issue of liability on the first, second, and sixth causes of action in the complaint and dismissing the defendants' affirmative defenses.

The parties' remaining contentions need not be addressed in light of our determination. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.