■ GREGG MINKIN et al., Appellants, v BOARD OF DIRECTORS OF THE CORTLANDT RIDGE HOMEOWNERS ASSOCIATION, INC., et al., Respondents. [51 NYS3d 581]—

In an action, inter alia, to recover damages for breach of fiduciary duty and for a judgment declaring that the defendant Board of Directors of the Cortlandt Ridge Homeowners Association, Inc., is not authorized to provide for landscaping ser-

vices to be performed on the properties of single-family homeowners within the subject community and that the plaintiffs are not required to pay fines and fees assessed against them for such landscaping services and for certain changes to the landscaping on their property, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Westchester County (Marx, J.), entered October 28, 2014, as granted those branches of the defendants' motion which were, in effect, for declaratory relief in their favor and for summary judgment dismissing the remainder of the complaint, and denied the plaintiffs' motion for summary judgment on the fourth and eleventh causes of action, and (2) from stated portions of a judgment of the same court dated January 12, 2015, which, upon the order, inter alia, in effect, declared that the defendant Board of Directors of the Cortlandt Ridge Homeowners Association, Inc., is authorized to provide for landscaping services to be performed on the front portions of properties of single-family homeowners within the subject community and that the plaintiffs are required to pay fines and fees assessed against them for such landscaping services and for certain changes to the landscaping on their property, and, in effect, dismissed the remaining causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof declaring that the plaintiffs are required to pay fines and fees assessed against them for certain changes to the landscaping on their property, and deleting the provision thereof, in effect, dismissing so much of the eleventh cause of action as sought to enjoin the defendants from seeking to enforce or collect charges, fees, or fines levied against the plaintiffs in relation to landscaping on their property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, so much of the eleventh cause of action as sought to enjoin the defendants from seeking to enforce or collect charges, fees, or fines levied against the plaintiffs in relation to landscaping on their property is reinstated, the order entered October 28, 2014, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings and thereafter for the entry of an appropriate amended judgment in accordance herewith.

The appeal from the order must be dismissed as the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The

issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs own a single-family home in a community known as Cortlandt Ridge. They are members of the Cortlandt Ridge Homeowners Association, Inc., and are subject to a Declaration of Covenants, Restrictions, Easements, Charges and Liens (hereinafter Declaration of Covenants), among other governing documents. When the defendants, the Board of Directors of the Cortlandt Ridge Homeowners Association, Inc. (hereinafter the Board), and McGrath Management Services, Inc., the community's managing agent, retained a landscaping company to perform landscaping services on all of the properties in the community, and charged the homeowners for the service, a dispute arose between the plaintiffs and the defendants over whether these actions were authorized by the documents governing their relationship. The plaintiffs have refused, for the most part, to pay the charges for landscaping services, resulting in the assessment of fees and fines against them. Further, after the plaintiffs made certain changes to the landscaping in the front of their property, the Board assessed further fees and fines against them, on the alleged ground that the plaintiffs failed to obtain its approval for the changes.

The plaintiffs commenced this action, inter alia, to recover damages for breach of fiduciary duty; for a judgment declaring that the Board is not authorized to provide for landscaping services to be performed on the properties of single-family homeowners within the subject community and that the plaintiffs are not required to pay the fines and fees assessed against them for such landscaping services and for the changes to the landscaping on their property; and to enjoin the defendants from seeking to enforce or collect charges, fees, or fines levied against then in relation to landscaping on their property. The defendants moved, inter alia, in effect, for declaratory relief in their favor and for summary judgment dismissing the remainder of the complaint, and the plaintiff moved for summary judgment on the fourth cause of action, which sought to recover damages for breach of fiduciary duty, and on the eleventh cause of action, which sought declaratory and injunctive relief. The Supreme Court granted those branches of the defendants' motion and denied the plaintiff's motion. The Supreme Court thereafter issued a judgment, inter alia, containing declarations in the defendants' favor, and, in effect, dismissing the remaining causes of action.

The defendants established, prima facie, that the Declara-

tion of Covenants authorized the Board to provide for landscaping services to be performed on the front portions of properties of single-family homeowners within the subject community and to charge homeowners for those services. In particular, article 12, section s, of the Declaration of Covenants provides that homeowners may not modify landscaping on their properties without prior written approval of the Board, and, without limitation, that "[l]andscape maintenance of the lots by the [Homeowner's] Association shall include mowing of the front lawn and the shrubs therein." The plaintiffs failed to raise a triable issue of fact in opposition. Contrary to their contention, other cited provisions in the various governing documents, none of which reference article 12, section s, of the Declaration of Covenants or deal directly with the issue at hand, do not serve to limit the authority granted to the Homeowner's Association by that latter provision with respect to the performance of landscaping on condominium properties.

Therefore, the Supreme Court properly declared that the Board is authorized to provide for landscaping services to be performed on the front portions of the properties of single-family homeowners within the community and that the plaintiffs are required to pay fines and fees assessed against them for such landscaping services. However, the defendants failed to eliminate triable issues of fact as to whether the plaintiffs are required to pay fines and fees assessed against them for changes to the landscaping in the front of their property. In particular, triable issues of fact remain as to whether the changes the plaintiffs made to their property were, in fact, authorized by the Board by letter dated June 11, 2009. Accordingly, the defendants were not entitled, at this time, to a declaration that the plaintiffs are required to pay fines and fees assessed against them for changes to the landscaping on their property.

Further, the defendants did not demonstrate their prima facie entitlement to judgment as a matter of law dismissing so much of the eleventh cause of action as sought to enjoin them from seeking to enforce or collect charges, fees, or fines levied against the plaintiffs in relation to landscaping on their property. In this respect, the plaintiffs alleged that, even if the defendants' interpretation of the governing documents was correct, and they were properly charged for landscaping in the front of their property, the total fees and fines assessed against them for landscaping services improperly included charges for services performed on the side and rear of the property. The Supreme Court determined that the Board was only autho-

rized to provide for landscaping services on the front portions of the properties of single-family homeowners, and correctly indicated that the defendants failed to provide any proof as to what comprised the fees charged to the plaintiffs for landscaping services. To the extent the fees and fines assessed against the plaintiffs related to landscaping services performed on the rear and side of their property, the plaintiffs would be entitled to enjoin the defendants from seeking to enforce or collect those charges. Accordingly, this claim should not have been dismissed.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action, which sought to recover damages for breach of fiduciary duty. The defendants established that the various actions the plaintiffs challenge were within the Board's authority, and taken in good faith and for the benefit of the Homeowners' Association, and, thus, that such actions were protected from judicial review pursuant to the business judgment rule (see *Buccellato v High View Estates Owners, Corp.*, 131 AD3d 912, 913 [2015]; *Romeo v Barrella*, 82 AD3d 1071, 1076 [2011]; *Sirianni v Rafaloff*, 284 AD2d 447, 448 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the plaintiffs failed to demonstrate their entitlement to judgment as a matter of law on their fourth cause of action seeking damages for breach of fiduciary duty and their eleventh cause of action for declaratory and injunctive relief.

The plaintiffs' remaining contentions are without merit. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.