■ In the Matter of CLIFFORD L. CURLIN, JR., et al., Respondents, v CLOVE LANE HOMEOWNERS ASSOCIATION, INC., et al., Appellants. [62 NYS3d 368]—

Appeals from an order of the Supreme Court, Richmond County (John A. Fusco, J.), dated December 23, 2013, and a money judgment of that court (Kim Dollard, J.) dated February 11, 2015. The order, insofar as appealed from, denied the motion of Clove Lane Homeowners Association, Inc., and Island Condo Management Corp. pursuant to CPLR 3211 (a) to

dismiss the petition and, in effect, directed that the petition be granted to the extent of awarding the petitioners certain nonmonetary relief and directing a referee to hear and report upon certain monetary relief. The judgment, upon an order of that court dated August 29, 2014, confirming a referee's report after a hearing, is in favor of the petitioners and against Clove Lane Homeowners Association, Inc., and Island Condo Management Corp. in the principal sum of $14,200.

Ordered that on the Court's own motion, the portion of the notice of appeal which is from the order dated December 23, 2013, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated December 23, 2013, is modified, on the law, by deleting the provisions thereof, in effect, directing that the petition be granted to the extent of awarding the petitioners certain nonmonetary relief and directing a referee to hear and report upon certain monetary relief; as so modified, the order is affirmed insofar as appealed from, and a subsequent order dated March 20, 2014, is vacated; and it is further,

Ordered that the money judgment is reversed, on the law, the order dated August 29, 2014, is vacated, and the matter is remitted to the Supreme Court, Richmond County, for the service and filing of an answer within 30 days after the date of this decision and order, and for further proceedings on the petition in accordance herewith; and it is further,

Ordered that one bill of costs is payable to the appellants.

The petitioners, Clifford L. Curlin, Jr., and Courtnay B. Curlin (hereinafter together the Curlins), are the owners of a condominium townhouse in a community located on Fox Hunt Court in Staten Island (hereinafter the premises). Clove Lane Homeowners Association, Inc. (hereinafter Clove Lane), is the homeowners association for the community. Island Condo Management Corp. (hereinafter Island Condo and together with Clove Lane, the appellants) is the managing agent for Clove Lane.

The Curlins commenced this CPLR article 78 proceeding against the appellants to review so much of a determination made by the Clove Lane Board of Directors (hereinafter the Board) on June 11, 2013, denying the Curlins the right to park in the parking space directly in front of the premises, refusing to treat, maintain, and repair a termite infestation and exterior and interior damage to the premises, and placing restrictions on the placement and usage of a basketball hoop. The Curlins

also sought to permanently enjoin the appellants from "unlawfully prohibiting the [Curlins] from using the aforesaid parking space" and "imposing any fines or penalties" in connection with the placement of the basketball hoop. The appellants moved pursuant to CPLR 3211 (a) and, in effect, CPLR 7804 (f) to dismiss the petition, and the Curlins moved to preliminarily enjoin the appellants from imposing any fines against them in connection with the placement of their basketball hoop and vacating any such fines that had been imposed against them.

In an order dated December 23, 2013, the Supreme Court, inter alia, denied the appellants' motion to dismiss the petition and, in effect, directed that the petition be granted to the extent of vacating all fines imposed against the Curlins "for the use of the basketball hoop in their assigned parking space"; directing that the basketball hoop be relocated from the Curlins' assigned parking space to the "common area closest in proximity" to the Curlins' condominium unit, "as other basketball hoops have been allowed through the accepted practice of [Clove Lane];" and reinstating the Curlins' parking space "at the closest location to their unit and originally assigned parking area that does not impede the passage of emergency vehicles." The court also directed the Curlins to "submit the incurred and projected costs for the termite damage to their unit [resulting from Clove Lane's] failure to remediate the termite situation, and such costs will be reimbursed after a hearing before a Court appointed referee."

The appellants subsequently moved for leave to renew and reargue, and the Supreme Court denied the motion in an order dated March 20, 2014. On May 9, 2014, a hearing was held before a Special Referee on the issue of damages. In a report dated June 20, 2014, the Special Referee recommended that the court "find that the termite damage at [the Curlins'] home originated from the exterior; that [the Curlins] expended $12,300 for a general contractor and $1,400 on a painter to repair the damage; and that [the Curlins] expended an additional $500 for a second exterior termite extermination treatment." The Curlins subsequently moved to confirm the Special Referee's report, and the court granted that motion in an order dated August 29, 2014. Thereafter, a money judgment dated February 11, 2015, was entered in favor of the Curlins and against the appellants in the principal sum of $14,200.

The Supreme Court properly denied the appellants' motion pursuant to CPLR 3211 (a) (7) and, in effect, CPLR 7804 (f) to dismiss the petition. "In reviewing the actions of a homeowners' association, a court should apply the business judgment

rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the association" (*19 Pond, Inc. v Goldens Bridge Community Assn., Inc.*, 142 AD3d 969, 970 [2016]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 539 [1990]; *Pascual v Rustic Woods Homeowners Assn., Inc.*, 134 AD3d 1003, 1005 [2015]; *Matter of Renauto v Board of Directors of Valimar Homeowners Assn., Inc.*, 23 AD3d 564, 564 [2005]). " 'On a motion pursuant to CPLR 3211 (a) (7) and 7804 (f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference' " (*Matter of Johnson v County of Orange*, 138 AD3d 850, 850-851 [2016], quoting *Matter of Brown v Foster*, 73 AD3d 917, 918 [2010]). When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one, and unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Matter of Kunik v New York City Dept. of Educ.*, 142 AD3d 616, 618 [2016]).

Here, the petition and the documents annexed to it established a cognizable claim that the Board was either acting outside the scope of its authority or in bad faith when it decided to eliminate the parking space located in front of the Curlins' premises, to prohibit the placement of a basketball hoop in a common area and assess fines against the Curlins based on a violation thereof, and to deny the Curlins' request to treat and repair the termite infestation and damage to the premises. In support of their motion, the appellants failed to demonstrate that a material fact claimed by the Curlins was not a fact at all or that no significant dispute exists regarding it (*see Guggenheimer v Ginzburg*, 43 NY2d at 275).

Nevertheless, the Supreme Court erred in granting the Curlins the relief requested in the petition, as well as monetary relief, without affording the appellants an opportunity to answer (*see* CPLR 7804 [f]; *Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001, 1002 [2007]; *Matter of Clavin v Mitchell*, 131 AD3d 612, 614-615 [2015]; *Matter of Roff v Green Hills of Glenham Condominium Assn., Inc.*, 97 AD3d 830, 831 [2012]). On the record before us, it can-

not be said that the facts are so fully presented in the parties' papers that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer (*see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *Matter of Clavin v Mitchell*, 131 AD3d at 614; *Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc.*, 129 AD3d 885, 887 [2015]). Accordingly, the matter must be remitted to the Supreme Court, Richmond County, to permit the appellants to serve an answer.

The appellants' remaining contention need not be reached in light of our determination. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.

———

Motion by the petitioners on appeals from an order of the Supreme Court, Richmond County, dated December 23, 2013, and a money judgment of that court dated February 11, 2015, inter alia, in effect, to strike portions of the appellants' brief on the ground that they raise issues not properly before this Court. By decision and order on motion of this Court dated November 20, 2015, that branch of the motion which is, in effect, to strike portions of the appellants' brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is, in effect, to strike portions of the appellants' brief is denied.