■ Joseph W. Tucciarone et al., Respondents, v Hamlet on Olde Oyster Bay Homeowners Association, Inc., et al., Appellants. [62 NYS3d 492]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered September 30, 2015, as denied those branches of their motion which were for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the defendant Hamlet on Olde Oyster Bay Homeowners Association, Inc., the cause of action alleging breach of fiduciary duty insofar as asserted against the individual defendants, and the claim for punitive damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the cause

of action alleging breach of contract insofar as asserted against the defendant Hamlet on Olde Oyster Bay Homeowners Association, Inc., the cause of action alleging breach of fiduciary duty insofar as asserted against the individual defendants, and the claim for punitive damages are granted.

The plaintiffs own a residence located in a development known as The Hamlet on Olde Oyster Bay (hereinafter the Hamlet). They commenced this action to recover damages for, among other things, breach of contract and breach of fiduciary duty against the defendant Hamlet on Olde Oyster Bay Homeowners Association, Inc. (hereinafter the HOA), and individuals who were then members of the Board of Directors (hereinafter the Board) of the HOA.

The plaintiffs alleged that they had planted bamboo on their property and that the bamboo had spread to the property of adjacent homeowners and onto common areas of the Hamlet. The plaintiffs alleged that their "efforts to contain the bamboo infestation [proved] to be ineffectual," and that the HOA imposed unauthorized and excessive fines upon them in connection with the bamboo infestation and failed to remediate the problem itself. The plaintiffs alleged, inter alia, that the HOA was liable for unspecified damages for breach of contract and that the individual defendants were liable for breach of fiduciary duty. The plaintiffs also sought to recover punitive damages from the individual defendants.

The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the HOA, the cause of action alleging breach of fiduciary duty insofar as asserted against the individual defendants, and the claim for punitive damages. In the order appealed from, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal. We reverse the order insofar as appealed from.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the HOA. The amended complaint alleged, inter alia, that the HOA breached provisions of its by-laws and its Declaration of Covenants, Restrictions, Easements, Changes and Liens (hereinafter the Declaration) by failing to "maintain the common areas free of bamboo and in permitting the bamboo in the common areas to proliferate." The amended complaint also alleged that the HOA imposed certain fines upon the plaintiffs in connection with the bamboo infestation in viola-

tion of procedures set forth in the by-laws and the Declaration and that the fines were excessive.

"In reviewing the actions of a homeowners' association, a court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the association" (*19 Pond, Inc. v Goldens Bridge Community Assn., Inc.*, 142 AD3d 969, 970 [2016]; *see 40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003]; *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 539 [1990]; *Matter of Curlin v Clove Lane Homeowners Assn., Inc.*, 153 AD3d 922 [2017]). Here, in support of their motion, the defendants established, prima facie, that the HOA was authorized to make the decision to impose fines upon the plaintiffs in connection with the bamboo infestation rather than exercise its discretionary authority to remediate the problem itself, and that this decision was made in good faith and in furtherance of the legitimate interests of the HOA (*see 40 W. 67th St. v Pullman*, 100 NY2d at 155-157; *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d at 539).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs failed to show that the HOA acted in bad faith or that its actions were taken for any purpose other than to address the bamboo infestation that was admittedly caused by the plaintiffs (*see 40 W. 67th St. v Pullman*, 100 NY2d at 157). Accordingly, the plaintiffs failed to raise a triable issue of fact as to whether the business judgment rule was inapplicable. To the extent that the plaintiffs contend that they are entitled to personally recover for damages that the bamboo allegedly caused to the common areas of the HOA, or for damages sustained by the HOA generally, the complaint fails to state a cause of action for derivative relief (*cf. Bratone v Conforti-Brown*, 150 AD3d 1068 [2017]). Furthermore, contrary to the plaintiffs' contention, to the extent that they seek to challenge the imposition of the fines imposed by the HOA on the ground that they were imposed in violation of procedures set forth in the by-laws and the Declaration, the complaint fails to state a cause of action for mandamus relief under article 78 of the CPLR (*see Villanova Estates, Inc. v Fieldston Prop. Owners Assn., Inc.*, 23 AD3d 160, 162 [2005]). Therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the HOA.

The Supreme Court also erred in denying that branch of the

defendants' motion which was for summary judgment dismissing the cause of action alleging breach of fiduciary duty insofar as asserted against the individual defendants. The defendants established, prima facie, that the individual defendants did not commit any tortious acts outside the scope of their authority as Board members (*see Cohen v Kings Point Tenant Corp.*, 126 AD3d 843, 845 [2015]; *Meadow Lane Equities Corp. v Hill*, 63 AD3d 699, 700 [2009]; *Brasseur v Speranza*, 21 AD3d 297, 298 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Furthermore, in light of the foregoing, the court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the claim for punitive damages (*see Vested Bus. Brokers, Ltd. v Ragone*, 131 AD3d 1232, 1234-1235 [2015]; *Reads Co., LLC v Katz*, 72 AD3d 1054, 1057 [2010]). Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.