Matter of Beckerman v Lattingtown Harbor Prop. Owners Assn., Inc. (2020 NY Slip Op 02923)





Matter of Beckerman v Lattingtown Harbor Prop. Owners Assn., Inc.


2020 NY Slip Op 02923


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-00279
 (Index No. 586/18)

[*1]In the Matter of Peter Beckerman, petitioner-respondent,
v
Lattingtown Harbor Property Owners Association, Inc., et al., respondents, Peter Tully, appellant.


Cullen and Dykman LLP, Garden City, NY (Elizabeth Usinger of counsel), for appellant.
Carlinsky, Dunn & Pasquariello, PLLC, Melville, NY (Mitchell J. Carlinsky of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to annul a license agreement dated November 29, 2017, between the Lattingtown Harbor Property Owners Association, Inc., and Peter Tully, Peter Tully appeals from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered November 7, 2018. The order and judgment, insofar as appealed from, inter alia, denied Peter Tully's motion pursuant to CPLR 7804(f) to dismiss that branch of the petition which was to annul the license agreement dated November 29, 2017, and granted that branch of the petition which was to annul the license agreement.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner is a homeowner and member of the respondent Lattingtown Harbor Property Owners Association, Inc. (hereinafter the POA), which is governed by the respondent Board of Directors of the POA (hereinafter the Board). On November 29, 2017, on behalf of the POA, the Board entered into a license agreement (hereinafter the license agreement) with another member of the POA, Peter Tully, granting Tully the exclusive right to affix his private docks to the POA's community dock in exchange for a yearly license fee and for services provided to the POA by his company.
The petitioner commenced this proceeding against the POA and the Board, seeking, among other things, to annul the license agreement. The petitioner alleged that the Board had acted outside the scope of its authority by entering into an agreement that gave Tully the exclusive right to use certain portions of the POA's community dock by affixing his private docks to the POA's community dock. Tully intervened in the proceeding as a respondent, and moved pursuant to CPLR 7804(f) to dismiss so much of the petition as sought to annul the license agreement on the ground, among others, that the petition was time-barred. By order and judgment entered November 7, 2018, the Supreme Court, inter alia, denied Tully's motion and granted that branch of the petition which was to annul the license agreement. Tully appeals.
A proceeding to review a determination pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (see CPLR 217[1]). "A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced" (Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d 682, 683; see Matter of Romeo v Long Is. R.R. Co., 136 AD3d 926, 927).
Here, after the license agreement was entered into on November 29, 2017, the terms of the license agreement were not made available to the petitioner until a copy of the license agreement was provided to him on April 26, 2018. Further, the terms of the license agreement were not readily ascertainable by the petitioner before that date because the Board and its attorney ignored the petitioner's attorney's earlier requests for a copy of the license agreement (see Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 932; cf. Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv., 124 AD3d 1174, 1177-1178). Since the terms of the license agreement were not readily ascertainable, the petitioner was not notified of the terms of the license agreement until he received a copy of it on April 26, 2018, and this proceeding was commenced on May 22, 2018, we agree with the Supreme Court's determination denying that branch of Tully's motion which was to dismiss the petition on the ground that it was time-barred (see Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d at 683; Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d at 932).
"In reviewing the actions of a homeowners' association, a court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the association" (19 Pond, Inc. v Goldens Bridge Community Assn., Inc., 142 AD3d 969, 970). In the case of a homeowners' association, a court should defer to the homeowners' association's board's actions " so long as the board acts for the purposes of the [homeowners' association], within the scope of its authority and in good faith'" (Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697, 699, quoting 40 W. 67th St. v Pullman, 100 NY2d 147, 153). However, "[t]he business judgment rule does not apply when a cooperative board acts outside the scope of its authority or violates its own governing documents" (Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d at 699).
Here, entering into the license agreement was outside the Board's authority because the POA's Amended Declaration states that each member of the POA is privileged to use the POA's community recreational facilities in common with other members, and that the modification or cancellation of that privilege is not permitted. By granting Tully the exclusive right to affix his private docks to the POA's community dock, the Board prevented other members from docking their boats at the portion of the POA's community dock to which Tully's private docks are affixed. Since the license agreement modifies the privilege of POA members to dock their boats along the portions of the POA's community dock which are blocked by Tully's private docks, the license agreement is not authorized by the POA's Amended Declaration. Accordingly, we agree with the Supreme Court's determination granting that branch of the petition which was to annul the license agreement (see Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d at 699).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court