Chow v Fieldpoint Community Assn. (2021 NY Slip Op 50237(U))

[*1]

Chow v Fieldpoint Community Assn.

2021 NY Slip Op 50237(U) [71 Misc 3d 128(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-552 W C

David K. Chow, Appellant, 
against
Fieldpoint Community Association, Respondent.

David K. Chow, appellant pro se.
Himmelfarb & Sher, LLP (Norman D. Himmelfarb and Shelley R. Halber of counsel), for
respondent.

Appeal from a judgment of the Justice Court of the Village of Irvington, Westchester County
(Desmond C.B. Lyons, J.), entered July 22, 2020. The judgment, after a nonjury trial, dismissed
the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $2,289.87 in common
charges, which plaintiff had paid to defendant condominium association from October 2019
through December 2019. At a nonjury trial, plaintiff testified that, during the three months in
question, the water provided in the condominium's clubhouse shower was not reasonably hot. On
cross-examination, plaintiff affirmed that he is a member of the defendant association and
admitted that he is subject to its rules and regulations. He further admitted that, although he
sought reimbursement of a full three months of common charges, the common charges cover
more items than hot water in the clubhouse shower. Upon the court's questioning, plaintiff
admitted that another reason that he had sued the association was because it had failed to respond
to plaintiff's complaint in a timely fashion. Defendant's president testified that plaintiff's
complaint was discussed at a meeting of the association's board of directors, and that the board
had not received any other complaints about the temperature of the water. The witness testified
that, to his knowledge, the temperature setting was kept at the medium setting, including during
the period about which plaintiff had complained. Following the trial, the Justice Court dismissed
the action. 
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
[*2]law" (UJCA 1807; see UJCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Furthermore, the determination of a trier of fact as to issues of credibility is given substantial
deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of
the witnesses affords it a better perspective from which to assess their credibility (see Vizzari
v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511
[1991]). This deference applies with greater force to judgments rendered in the Small Claims
Part of the court (see Williams v Roper, 269 AD2d at 126). 
"In reviewing the actions of a homeowners' association, a court should apply the business
judgment rule and should limit its inquiry to whether the action was authorized and whether it
was taken in good faith and in furtherance of the legitimate interests of the association" (19
Pond, Inc. v Goldens Bridge Community Assn., Inc., 142 AD3d 969, 970 [2016]). Upon a
review of the record, we find that plaintiff failed to establish, prima facie, that defendant had not
acted within the scope of its authority or had acted in bad faith (see Matter of Beckerman v
Lattingtown Harbor Prop. Owners Assn., Inc., 183 AD3d 821 [2020]; Matter of Cohan v
Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697 [2013]). To the
extent that plaintiff seeks nonmonetary relief, we note that the Small Claims Part of the Justice
Court lacks jurisdiction to grant that relief (see UJCA 1801). As the court's determination
is supported by the record, we find that the judgment dismissing the action provided the parties
with substantial justice according to the rules and principles of substantive law (see
UJCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021