Ives v Fieldpoint Community Assn., Inc. (2021 NY Slip Op 05028)





Ives v Fieldpoint Community Assn., Inc.


2021 NY Slip Op 05028


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-08003
2017-11115
2018-04895
 (Index No. 71013/14)

[*1]Alan J. Ives, et al., appellants, 
v
Fieldpoint Community Association, Inc., respondent.


Blancato Law Offices, P.C., Tarrytown, NY (Richard T. Blancato of counsel), for appellants.
Miranda Sambursky Slone Sklarin Verveniotis, LLP, Elmsford, NY (Richard S. Sklarin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant unreasonably denied approval for a fence installed by the plaintiffs on their property and that fines assessed against them by the defendant for the retention of the fence are null and void, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (David F. Everett, J.), dated June 26, 2017, (2) stated portions of a judgment of the same court dated August 10, 2017, and (3) an order of the same court dated August 30, 2017. The order dated June 26, 2017, insofar as appealed from, (a) denied those branches of the plaintiffs' motion which were for summary judgment declaring that the defendant acted unreasonably in denying approval for the fence and that the fines imposed against them of $20 per day for the retention of the fence are null and void, and (b) granted those branches of the defendant's motion which were for summary judgment, in effect, declaring that its actions in denying approval for the fence were within the scope of its authority and taken in good faith, and that the fines imposed against the plaintiffs of $20 per day for the retention of the fence are valid, and on its counterclaim for injunctive relief directing the plaintiffs to remove the fence. The judgment, inter alia, upon the order dated June 26, 2017, is in favor of the defendant and against the plaintiffs dismissing the complaint and awarding the defendant the total sum of $35,059.96. The order dated August 30, 2017, after a hearing, granted the defendant's motion to hold the plaintiffs in civil contempt.
ORDERED that the appeal from the order dated June 26, 2017, is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is modified, on the law, (1) by deleting the provision thereof dismissing the first and fourth causes of action, and adding a provision thereto declaring that the defendant's actions in denying approval for the fence installed by the plaintiffs were within the scope of its authority and taken in good faith, and (2) by deleting the provisions thereof dismissing the third cause of action and awarding the defendant the total sum of $35,059.96; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the plaintiffs' motion which was for summary judgment declaring that the fines imposed against them [*2]of $20 per day for the retention of the fence are null and void is granted, that branch of the defendant's motion which was for summary judgment, in effect, declaring that the fines imposed against the plaintiffs of $20 per day for the retention of the fence are valid is denied, the order dated June 26, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County for the entry of an amended judgment, inter alia, declaring that the fines imposed against the plaintiffs of $20 per day for the retention of the fence are null and void; and it is further,
ORDERED that the order dated August 30, 2017, is affirmed, without costs or disbursements.
The appeal from the order dated June 26, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs are homeowners and members of the defendant, Fieldpoint Community Association, Inc. (hereinafter Fieldpoint). Fieldpoint is a master homeowners' association that manages and controls the members' use of common areas, as well as the exteriors of the members' units and lots. In 2014, the plaintiffs installed a six-foot-high aluminum fence in the backyard of their home. They then submitted an application to the Fieldpoint architectural review committee (hereinafter ARC) seeking approval for the fence. The ARC denied the application, stating that "iron fences" are "considered inconsistent with the overall character and appearance of the Fieldpoint development." The plaintiffs appealed to Fieldpoint's board of directors, which confirmed the decision and directed the plaintiffs to remove the fence. The plaintiffs did not remove the fence, and Fieldpoint imposed a one-time fine in the sum of $1,000, followed by fines of $20 for each day the fence remained in place.
In December 2014, the plaintiffs commenced this action against Fieldpoint, challenging the denial of approval for the fence and the imposition of fines against them related to the retention of the fence, and seeking declaratory and injunctive relief. Fieldpoint asserted two counterclaims for declaratory and injunctive relief, seeking to have the plaintiffs be directed to pay all outstanding fines assessed in connection with the fence and to immediately remove the fence at their own expense.
Following the conclusion of discovery, Fieldpoint moved for summary judgment, in effect, with respect to the complaint and on its counterclaims, and the plaintiffs moved for summary judgment on the complaint. In an order dated June 26, 2017, the Supreme Court, inter alia, granted those branches of Fieldpoint's motion which were for summary judgment, in effect, declaring that its actions in denying approval for the fence were within the scope of its authority and were taken in good faith, and that the fines imposed against the plaintiffs of $20 per day are valid, and on its counterclaim for injunctive relief directing the plaintiffs to remove the fence. The court granted that branch of the plaintiffs' motion which was for summary judgment declaring that the imposition of the one-time fine of $1,000 is null and void, and otherwise denied the plaintiffs' motion. On August 10, 2017, upon the order dated June 26, 2017, the court issued a judgment, inter alia, dismissing the complaint and awarding Fieldpoint the total sum of $35,059.96.
On August 16, 2017, the plaintiffs moved in this Court, inter alia, to stay enforcement of the order dated June 26, 2017, pending hearing and determination of their appeal therefrom. No interim relief was granted, and the motion was eventually denied. While that motion was pending, on August 30, 2017, the Supreme Court, after a hearing, granted Fieldpoint's motion to hold the plaintiffs in civil contempt based on their failure to remove the fence in accordance with the June 26, 2017 order, and directed the plaintiffs to purge themselves of their contempt by removing the fence.
"'In reviewing the actions of a homeowners' association, a court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the association'" (Matter [*3]of Curlin v Clove Lane Homeowners Assn., Inc., 153 AD3d 922, 924-925, quoting 19 Pond, Inc. v Goldens Bridge Community Assn., Inc., 142 AD3d 969, 970). Accordingly, a court should defer to the actions of a homeowners' association board so long as the board acts for the purposes of the homeowners' association, within the scope of its authority, and in good faith (see Matter of Beckerman v Lattingtown Harbor Prop. Owners Assn., Inc., 183 AD3d 821, 823).
Here, Fieldpoint established, prima facie, that its actions in denying approval for the fence were protected by the business judgment rule (see Minkin v Board of Directors of the Cortlandt Ridge Homeowners Assn., Inc., 149 AD3d 723, 725-726). In opposition to Fieldpoint's prima facie showing, the plaintiffs failed to raise a triable issue of fact by submitting evidence that Fieldpoint acted "(1) outside the scope of its authority, (2) in a way that did not legitimately further the [interests of the association] or (3) in bad faith" (40 W. 67th St. Corp. v Pullman, 100 NY2d 147, 155; see Skouras v Victoria Hall Condominium, 73 AD3d 902, 904). Accordingly, the Supreme Court properly determined that Fieldpoint's actions in denying approval for the fence were within the scope of its authority and taken in good faith. However, the court should have issued declarations to that effect rather than dismissing the causes of action seeking declarations to the contrary (see 200 Genesee St. Corp. v City of Utica, 6 NY3d 761, 762; Lanza v Wagner, 11 NY2d 317, 334).
The Supreme Court erred in denying that branch of the plaintiffs' motion which was for summary judgment declaring that the fines of $20 per day imposed by Fieldpoint are null and void. The plaintiffs presented evidence establishing, prima facie, that the purported amendment to the by-laws pursuant to which those fines were assessed was passed as a resolution. There is no evidence that this resolution was incorporated in an amended declaration which was thereafter duly recorded, in compliance with the provisions of Real Property Law § 339-u. The plaintiffs further established, prima facie, that under the pre-amendment by-laws, Fieldpoint was only authorized to impose "a one-time fine of fifty ($50.00) dollars for any violation of any rule or regulation adopted by the Board of Directors, or the breach of any By-Law." In opposition, Fieldpoint failed to raise a triable issue of fact. Accordingly, the fines of $20 per day should have been declared null and void (see Walker v Windsor Ct. Homeowners Assn., 35 AD3d 725, 726-727).
Finally, contrary to the plaintiffs' contention, the Supreme Court was not required to hold the contempt proceedings in abeyance during the pendency of their motion in this Court, inter alia, to stay enforcement of the June 26, 2017 order, for which no interim relief was granted (cf. Delijani v Delijani, 73 AD3d 972, 973).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court