Bayside Gables Homeowners v Azzizi (2022 NY Slip Op 22258)

Bayside Gables Homeowners v Azzizi

2022 NY Slip Op 22258 [76 Misc 3d 7]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 12, 2022

[*1]

Bayside Gables Homeowners, Respondent,
v
Farad Azzizi, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, July 22, 2022

APPEARANCES OF COUNSEL

Farad Azzizi, appellant pro se.
Bayside Gables Homeowners, respondent pro se.

{**76 Misc 3d at 8} OPINION OF THE COURT

Memorandum.

Ordered that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
In this small claims action, insofar as relevant to this appeal, plaintiff, an incorporated homeowners' association, seeks to recover "homeowners security dues" for the period from 2008 through 2014. Defendant opposed plaintiff's claim, contending that, because plaintiff had lost a 2007 small claims case in which it sought security dues from him for 2007, it was barred from seeking security dues for subsequent periods. Defendant separately argued that plaintiff lacked the authority to charge him for security dues, at least in part because there had been no provision for security dues in the homeowners' association's governing documents when defendant acquired his home. Plaintiff countered that it was authorized by its amended declaration to charge security dues, and that the prior action, which had been tried by a small claims arbitrator, had been wrongly decided. Following the trial, the Civil Court awarded judgment to plaintiff in the principal sum of $3,325.
[*2]
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The arbitrator's award in the 2007 small claims action only barred plaintiff from bringing claims which could have been brought in that action (see CCA 1808; see also Simmons v Trans Express Inc., 37 NY3d 107, 110, 115 [2021]; cf. Mitchell v TD Ameritrade, 71 Misc 3d 134[A], 2021 NY Slip Op 50360[U] {**76 Misc 3d at 9}[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Silva v Lee, 55 Misc 3d 128[A], 2017 NY Slip Op 50369[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The award did not have collateral estoppel or issue preclusive effect (see Simmons v Trans Express Inc., 37 NY3d at 113-115), and thus did not bar plaintiff from bringing the present claim for security dues for the period from 2008 through 2014, even though it had previously sought, and failed to obtain, a recovery for earlier accrued security dues.
"In reviewing the actions of a homeowners' association, a court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the association" (19 Pond, Inc. v Goldens Bridge Community Assn., Inc., 142 AD3d 969, 970 [2016]; see also Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]; Ives v Fieldpoint Community Assn., Inc., 197 AD3d 1248, 1250-1251 [2021]; Matter of Beckerman v Lattingtown Harbor Prop. Owners Assn., Inc., 183 AD3d 821, 823 [2020]; Matter of Curlin v Clove Lane Homeowners Assn., Inc., 153 AD3d 922, 924-925 [2017]; Chow v Fieldpoint Community Assn., 71 Misc 3d 128[A], 2021 NY Slip Op 50237[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Plaintiff introduced into evidence documents upon which the Civil Court relied in determining this matter. These documents were not included in the appellate record and plaintiff's attorney failed to provide them to this court upon request. As they are necessary for our review, the record is inadequate to determine whether the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see Ceresa v Segundo's Landscaping & Contr., 11 Misc 3d 132[A], 2006 NY Slip Op 50350[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Consequently, a new trial is required.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Weston, J.P., Toussaint and Buggs, JJ., concur.