■ Rose Kaung et al., Respondents; v Board of Managers of Biltmore Towers Condominium Association et al., Appellants, et al., Defendants. [895 NYS2d 505]—

In an action, inter alia, for a permanent injunction and declaratory relief, the defendants Board of Managers of Biltmore Towers Condominium Association, William Palmer, Jr., Henriette Brooks, Scott Keenan, Barbara McCollough, Edward Rodriguez, Carolyn Roberts, and Elizabeth Thompson appeal from stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (Scheinkman, J.), entered December 10, 2008, which, among other things, granted those branches of the plaintiffs' motion which were for summary judgment on the second and seventh causes of action for a permanent injunction, and declared that the Board of Managers of

Biltmore Towers Condominium Association exceeded its authority in executing a certain lease and that the lease is void.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiffs Rose Kaung, Bill Kaung, Robert Marshall, Carlos Caceres, Martha Yeager, and Bonnie Ackerman are owners and occupants of condominium units in the Biltmore Towers Condominium (hereinafter the condominium), a 131-unit residential condominium in White Plains. In December 2007 the defendant Board of Managers of Biltmore Towers Condominium Association (hereinafter the Board of Managers) entered into a lease on behalf of the condominium with the defendant MetroPCS New York, LLC (hereinafter MetroPCS), permitting MetroPCS to construct and erect several cellular telephone antennas, along with related wireless communications equipment, on the roof of the condominium. According to the condominium's bylaws, the roof of the building constitutes a common element of the condominium.

The plaintiffs commenced this action against, among others, the Board of Managers, the individual board members William Palmer, Jr., Henriette Brooks, Scott Keenan, Barbara McCollough, Edward Rodriguez, Carolyn Roberts, and Elizabeth Thompson (hereinafter collectively the Board defendants), and MetroPCS, inter alia, to rescind the lease, to permanently enjoin and restrain MetroPCS from placing or installing any cellular telephone antennas in or on the common elements of the condominium, in effect, to enjoin the Board defendants from implementing the terms of the lease, for a judgment declaring that the Board defendants exceeded their authority in executing the lease, and for a judgment declaring that the lease is void. The plaintiffs moved for summary judgment on their causes of action to rescind the lease, for a permanent injunction, and for declaratory relief. The Board defendants opposed the motion and cross-moved for summary judgment declaring that they acted within their authority and that the lease is valid, and dismissing the remainder of the complaint insofar as asserted against them. MetroPCS also opposed the motion and cross-moved, inter alia, for summary judgment dismissing the causes of action to rescind the lease and for a permanent injunction. In an order and judgment entered December 10, 2008, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment on the fourth cause of action to rescind the lease on the ground that they were not parties to the lease and, thus, lacked standing and capacity to seek its rescission, but nonetheless declared that the lease is "null, void

and without force and effect." The Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the second and seventh causes of action for a permanent injunction, and also declared that the Board defendants lacked authority to enter into the lease. The Supreme Court denied those branches of the Board defendants' motion and Metro PCS's cross motion which were for summary judgment dismissing the causes of action for a permanent injunction. We affirm the order and judgment insofar as appealed from.

"Where a unit owner challenges an action by a condominium Board of Managers, courts apply the business judgment rule" (*Helmer v Comito*, 61 AD3d 635, 636 [2009]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]; *Acevedo v Town 'N Country Condominium, Section I, Bd. of Mgrs.*, 51 AD3d 603 [2008]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1 [1987]). The business judgment rule limits judicial review of decisions made by a condominium's board of managers to whether the board's "action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the condominium" (*Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d at 10). Where a condominium governing board acts outside the scope of its authority, however, a permanent injunction enjoining such action is appropriate (*see Greenberg v Board of Mgrs. of Parkridge Condominiums*, 294 AD2d 467 [2002]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the second and seventh causes of action for a permanent injunction. The relevant provisions of the condominium's bylaws restrict the common elements of the building to uses for which they are reasonably suited, and which are incident to the residential use of the individual units. The plaintiffs established that, by allowing MetroPCS to install a wireless communications site on the roof of the building for the purpose of continuing its business as a wireless communications service provider, the Board of Managers exceeded its authority by permitting the common elements to be used for a purpose which is not incident to the residential use of the units (*see generally Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424 [2004]; *Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52, 55-56 [1998]). Since the Board of Managers and MetroPCS failed to raise a triable issue of fact as to whether the wireless communications equipment to be installed by MetroPCS would serve a purpose incident to the residential use of the individual units at the condominium (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), the Supreme Court

properly granted that branch of the plaintiffs' motion which was for summary judgment on the second and seventh causes of action to permanently enjoin the Board defendants from implementing the terms of the lease and to enjoin MetroPCS from placing or installing any cell towers in or on the common elements of the condominium. Moreover, in light of the foregoing, the Supreme Court also properly declared that the Board defendants exceeded their authority in entering into the lease, and that the lease is void. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur. **[Prior Case History: 22 Misc 3d 854.]**