Board of Mgrs. of Vil. Mall at Hillcrest Condominium v Banerjee (2020 NY Slip Op 06482)





Board of Mgrs. of Vil. Mall at Hillcrest Condominium v Banerjee


2020 NY Slip Op 06482


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2017-02364
 (Index No. 14092/14)

[*1]Board of Managers of Village Mall at Hillcrest Condominium, respondent, 
v
Sunil Banerjee, defendant, Suvro Banerjee, etc., appellant.


Peter A. Joseph, New York, NY, for appellant.



DECISION & ORDER
In an action, inter alia, for declaratory and permanent injunctive relief, the defendant Suvro Banerjee, as executor of the estate of Sabita Banerjee, appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered January 13, 2017. The order, insofar as appealed from, denied that branch of the motion of Sabita Banerjee, made jointly with the defendant Sunil Banerjee, which was for summary judgment, in effect, declaring that Sabita Banerjee and the defendant Sunil Banerjee are entitled to maintain an enclosure on their balcony at Unit 6S, Building 1, of the Village Mall at Hillcrest Condominium, and granted those branches of the plaintiff's cross motion which were for summary judgment on the first and fifth causes of action, which sought permanent injunctive relief, and on the third cause of action to the extent of declaring that the subject balcony enclosure must be removed under the by-laws of the Village Mall at Hillcrest Condominium.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the balcony enclosure at Unit 6S, Building 1, of the Village Mall at Hillcrest Condominium must be removed under the by-laws of the Village Mall at Hillcrest Condominium.
The plaintiff, Board of Managers of Village Mall at Hillcrest Condominium, commenced this action to compel Sunil Banerjee and Sabita Banerjee (hereinafter together the Banerjees) to remove a balcony enclosure appurtenant to their unit at Village Mall at Hillcrest Condominium (hereinafter the condominium) that they erected in December 1979. According to the amended complaint, the Banerjees failed to obtain approval to erect the balcony enclosure from the plaintiff as required pursuant to the condominium's by-laws or from the Department of Buildings, as required by law. The amended complaint further alleged that removal of the balcony enclosure was necessary to complete a multi-year facade and balcony restoration project undertaken to comply with Local Law 11 (1998) of the City of New York, which required the inspection and reporting of facades by owners of buildings, such as the condominium, that were greater than six stories. The Banerjees refused to remove their balcony enclosure despite the plaintiff's demands, contending that they had obtained written approval from the plaintiff's managing agent in November 1979.
The Banerjees moved, inter alia, for summary judgment, in effect, declaring that they were entitled to maintain the enclosure on their balcony, and the plaintiff cross-moved for summary judgment on the causes of action which sought permanent injunctive relief and on the third cause of action for a judgment declaring that the balcony enclosure must be removed under the condominium's by-laws. The Supreme Court, inter alia, denied the Banerjees' motion, and granted [*2]those branches of the plaintiff's cross motion which were for summary judgment on the first cause of action, which sought a permanent injunction permitting the plaintiff to enter the Banerjees' unit in order to remove the balcony enclosure, the third cause of action to the extent of declaring that any permission that was granted to the Banerjees to erect the balcony enclosure had been revoked and the enclosure was required to be removed under the condominium's by-laws, and the fifth cause of action, which sought a permanent injunction allowing an inspection of the balcony enclosure to assess its condition. The Banerjees died in 2017, and their son, Suvro, was substituted as the executor of Sabita's estate for the purpose of this appeal.
We affirm. Regardless of whether the Banerjees obtained written advance permission in 1979 to enclose the subject balcony as required under the condominium's by-laws, the plaintiff demonstrated that, under the by-laws, its consent could be revoked at any time and that, in 2016, the plaintiff revoked its consent to all balcony enclosures. The plaintiff further demonstrated that it decided to mandate the removal of all balcony enclosures to enable the completion and inspection of building facade and balcony restoration work so that the building could pass municipal inspection and have an architecturally uniform facade.
The business judgment rule prohibits judicial inquiry into the actions of a condominium board as long as the board acts for the purpose of the condominium, within its authority, and in good faith (see Matter of Levandusky v One Fifth Ave. Apt. Corp. , 75 NY2d 530, 538). The plaintiff met its burden on summary judgment by establishing that it acted in good faith, within its authority, and for the benefit of the condominium, when it mandated the removal of balcony enclosures in order to complete its facade renovation project. In opposition, the Banerjees failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination, inter alia, to grant those branches of the plaintiff's cross motion which were for summary judgment on the first and fifth causes of action, which sought permanent injunctive relief, and on the third cause of action to the extent of declaring that subject balcony enclosure must be removed under the condominium's by-laws.
Since this is, in part, an action for declaratory relief, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject balcony enclosure at Unit 6S, Building 1, of the condominium must be removed under the by-laws of the Village Mall at Hillcrest Condominium (see Lanza v Wagner , 11 NY2d 317, 334).
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court