Board of Mgrs. of Oceanview Condominium v Riccardi (2024 NY Slip Op 03806)

Board of Mgrs. of Oceanview Condominium v Riccardi

2024 NY Slip Op 03806

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2020-03116
 (Index No. 151484/16)

[*1]Board of Managers of Oceanview Condominium, respondent-appellant, 
v
Joseph Riccardi, etc., et al., appellants-respondents.

Law Office of Arnold E. DiJoseph, P.C., New York, NY, for appellant-respondent Joseph Riccardi, and Crawford-Bringslid-Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford and Joseph Dimitrov of counsel), for appellant-respondent Peter Bellantoni, Sr. (one brief filed).
Howard M. File, P.C., Staten Island, NY, for respondent-appellant.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the defendants appeal, and the plaintiff cross-appeals, from a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated March 3, 2020. The judgment, insofar as appealed from, upon a decision of the same court dated January 24, 2020, made after a nonjury trial, (1) is in favor of the plaintiff and against the defendant Joseph Riccardi directing him to "legalize the illegal extension made to his Penthouse Unit, or restore his Unit in conformity with the Building Code within 90 days of January 24, 2020," (2) is in favor of the plaintiff and against the defendant Joseph Riccardi in the sum of $76,021.43, and (3) awarded the plaintiff attorneys' fees in the sum of $50,000, payable by the defendant Joseph Riccardi. The judgment, insofar as cross-appealed from, upon the decision, (1) is in favor of the plaintiff and against the defendant Joseph Riccardi in the sum of only $76,021.43, and (2) awarded the plaintiff attorneys' fees in the sum of only $50,000, payable by the defendant Joseph Riccardi.
ORDERED that the appeal by the defendant Peter Bellantoni, Sr., is dismissed, without costs or disbursements, as that defendant is not aggrieved by those portions of the judgment appealed from (see CPLR 5511; Mixon v TBV Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof in favor of the plaintiff and against the defendant Joseph Riccardi in the sum of $76,021.43, and substituting therefor a provision in favor of the plaintiff and against that defendant in the sum of $16,046.43, and (2) deleting the provision thereof awarding the plaintiff attorneys' fees in the sum of $50,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a new determination of the amount of attorneys' fees to be awarded to the plaintiff in accordance herewith, and for the entry of an appropriate amended judgment thereafter.
In 2006, the defendant Joseph Riccardi (hereinafter the defendant) purchased the penthouse unit (hereinafter the penthouse) in the Oceanview Condominium complex (hereinafter [*2]Oceanview), which is governed by the plaintiff Board of Managers of Oceanview Condominium (hereinafter the Board). The penthouse's prior owner, without the Board's approval, added a two-room extension of approximately 1,200 square feet to the penthouse over the common elements of the condominium's roof. The defendant served as Board president from July 2006 to August 2016. In October 2016, and then again in May 2017, the New York City Department of Buildings (hereinafter the DOB) issued violations against Oceanview on the ground that the penthouse extension was built without a permit, requiring a permit to be obtained for the work that was performed or the premises to be restored to its prior legal condition. Meanwhile, in November 2016, the Board commenced this action against the defendant, among others, inter alia, to compel the defendant to remove the extension and to recover damages, among other things, for unpaid common charges.
Following a nonjury trial, in a decision dated January 24, 2020 (hereinafter the January 2020 decision), the Supreme Court determined that the extension was unlawfully built without a permit and that the defendant was required to legalize the extension or restore the penthouse to its prior legal condition. In addition, the court determined that the Board was entitled to recover damages in the sum of $76,021.43 for unpaid common charges and to an award of attorneys' fees in the sum of $50,000, payable by the defendant. A judgment dated March 3, 2020, was entered upon the January 2020 decision, inter alia, in favor of the Board and against the defendant directing the defendant to legalize the extension or to restore the penthouse to its prior legal condition, in favor of the Board and against the defendant in the sum of $76,021.43, and awarding the Board attorneys' fees in the sum of $50,000, payable by the defendant. Among other things, the court dismissed the Board's remaining causes of action to recover additional damages. The defendant appeals and the Board cross-appeals from the judgment.
Initially, the defendant's contention that the action was time-barred as the Board was aware of the extension as early as 1992 is without merit. In 1992, the Board commenced an action against the prior owner seeking the removal of the extension (hereinafter the 1992 action). No evidence was presented at trial as to how that prior action was resolved. "[A] trespass that constitutes an unlawful encroachment on a plaintiff's property will be considered a continuous trespass giving rise to successive causes of action" (Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 66; see Wright v Sokoloff, 110 AD3d 989, 990). Here, the Board established at trial that the extension unlawfully encroached upon the limited common elements on the roof and, thus, constituted a continuous trespass. Therefore, the action was not time-barred (see generally Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d at 66).
In addition, contrary to the defendant's contention, the doctrine of judicial estoppel, based upon the 1992 action, is inapplicable where, as here, there was no evidence of a judgment, much less a favorable judgment, in the 1992 action (see Capital One, N.A. v Trubitsky, 206 AD3d 608, 610; Ghatani v AGH Realty, LLC, 181 AD3d 909, 911). To the extent that the defendant argues that the Board lacks standing, the defendant waived that affirmative defense (see CPLR 3211[a][3]) by failing to assert it in his answer or to raise it in a pre-answer motion to dismiss (see id. § 3211[e]; Rimberg v Horowitz, 206 AD3d 832, 834; Castaldi v Syosset Cent. Sch. Dist., 203 AD3d 690, 691-692).
"In reviewing a condominium board's actions, courts should apply the business judgment rule" (Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, 184 AD3d 785, 789). "Under the business judgment rule, the court's inquiry is limited to whether the board acted within the scope of its authority under the bylaws (a necessary threshold inquiry) and whether the action was taken in good faith to further a legitimate interest of the condominium. Absent a showing of fraud, self-dealing or unconscionability, the court's inquiry is so limited and will not inquire as to the wisdom or soundness of the business decision" (Katz v Board of Mgrs. of Stirling Cove Condominium Assn., 201 AD3d 634, 636 [internal quotation marks omitted]; see Board of Mgrs. of Vil. Mall at Hillcrest Condominium v Banerjee, 188 AD3d 777, 779).
Here, the Board established at trial that the extension was built after the certificate of occupancy was issued in 1988, that no permit was issued for this work, and that the only means [*3]of conforming with the New York City Building Code was to remove the extension. Further, the Board established that the extension violated Oceanview's bylaws as it was done without the Board's written authorization and without a permit in violation of the law. The Board further established that it was acting in good faith and in the best interest of Oceanview in seeking to have the extension removed. At trial, the Board established several justifications for the removal of the extension, including that the extension violated the bylaws, resulted in violations from the DOB, encroached upon the limited common elements on the roof and barred access to the roof for maintenance and inspection, caused an increase in the other unit owner's property taxes, and constituted a safety hazard due to falling ice. As the Board established that it acted in good faith, within its authority, and for the benefit of Oceanview, the Supreme Court properly awarded judgment in favor of the Board and against the defendant, inter alia, directing the defendant to legalize the extension or to restore the penthouse to its prior legal condition (see Board of Mgrs. of Vil. Mall at Hillcrest Condominium v Banerjee, 188 AD3d at 779).
The Supreme Court improperly determined that the Board was entitled to recover $70,000 in common charges that the Board assessed due to the Board's unilateral increase in the defendant's common interest. Pursuant to Oceanview's bylaws, the common charges were assessed "pro rata among all Unit Owners in accordance with their respective Common Interests." At trial, testimony from a former member of the Board established that without the defendant's consent, the Board increased the defendant's common interest to reflect the increase in the size of the penthouse due to the extension. Based upon the defendant's increased common interest, the Board first assessed additional common charges against him in 2016 and sought to assess additional common charges as far back as 2011. The increase in the defendant's common interest without his consent violated both Real Property Law § 339-i(2) and article 18(d) of Oceanview's declaration. Further, the bylaws precluded a retroactive increase in common charges. As the Board's action in assessing $70,000 in common charges violated Real Property Law § 339-i(2) and was not authorized under Oceanview's declaration and bylaws, it was not entitled to recover those common charges.
The defendant's contention that so much of the judgment as awarded the Board the sum of $6,021.43 for "undisputed common charges" should be vacated is without merit, as the Board established that these common charges were unrelated to the increase in the defendant's common interest and remained unpaid.
The Board asserts that the Supreme Court improperly failed to award judgment in its favor on its remaining claims for damages that were related to the defendant's tenure as president of the Board and violations of Oceanview's rules and regulations. The Board contends that the court improperly failed to award damages in its favor in the sum of $3,330 for excess wages paid to a doorman upon the defendant's authorization. The Board, however, failed to include relevant exhibits in the record on appeal, including the doorman's time sheets. "It is the obligation of the appellant to assemble a proper record on appeal, and the record must contain all of the relevant papers that were before the Supreme Court" (Wilmington Trust, N.A. v Donadio, 218 AD3d 519; see CPLR 5526; Lee v Barnett, 134 AD3d 908, 910). Thus, the Board failed to establish its entitlement to recover damages based upon the alleged excessive wage payments.
The Board's contention that it established at trial that it was entitled to an award of damages in the sum of $24,250 for fines assessed against Oceanview pursuant to Local Law 11 (1998) of the City of New York (hereinafter Local Law 11) while the defendant was president of the Board is without merit. The Board failed to establish that the Local Law 11 fines were the result of the defendant's bad faith or willful misconduct as required under section 2.20 of Oceanview's bylaws or that the defendant's actions as president of the Board were not protected by the business judgment rule.
The Board contends that it was entitled to awards of damages in the sum of $4,550 for the defendant's unauthorized use of a second storage bin and in the sum of $7,025 for violations of Oceanview's rules and regulations. At trial, the Board established that the defendant improperly took possession of a second storage bin that belonged to Oceanview and rented it out for the sum of $3,000. In addition, the Board established that it assessed various fines against the defendant for [*4]violations of Oceanview's rules and regulations in the sum of $7,025, which remained unpaid. The defendant does not dispute these amounts on appeal. Thus, the Board established that it was entitled to additional damages in the sum of $10,025.
"An award of attorney's fees, whether pursuant to agreement or statute, must be reasonable and not excessive" (Diggs v Oscar De La Renta, LLC, 169 AD3d 1003, 1004; see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839). Here, both parties challenge the attorneys' fee award. The Board submitted an affirmation of services from counsel and requested attorneys' fees in the sum of $76,909.69 on the ground that attorneys' fees were authorized under sections 6.4(B) and 9.4 of Oceanview's bylaws. The Supreme Court, without explanation, awarded the Board attorneys' fees in the sum of $50,000.
The defendant's contention that the attorneys' fee award was improper because the Supreme Court failed to hold a hearing to determine the reasonableness of the fees is without merit, as the Board submitted sufficient evidence of the reasonable value of the legal services rendered and the defendant did not contest the reasonableness of the requested fees (see LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154; Kuttas v Condon, 290 AD2d 492, 493-494). The defendant's contention that the attorneys' fee award should be vacated because the Board did not seek arbitration is raised on appeal for the first time in his reply brief and, thus, is not properly before this Court (see Yasso v Town of Brookhaven, 219 AD3d 784, 787).
Nevertheless, as discussed above, the Board was not entitled to recover damages in the sum of $70,000 for unpaid common charges. As such, an attorneys' fee award authorized under section 6.4 of Oceanview's bylaws for the collection of unpaid common charges is not warranted. The Board, however, was successful on its claim for "undisputed common charges" in the sum of $6,021.43. In addition, attorneys' fees are authorized under section 9.4 of the bylaws for the Board's successful claim for a judgment directing the defendant to legalize the extension or to restore the penthouse to its prior legal condition. It cannot be determined from a review of the Board's current submissions what fees relate to the claim for unpaid common charges in the sum of $70,000, what fees relate to the claim for "undisputed common charges" in the sum of $6,021.43, and what fees relate to the claim directing the defendant to legalize the extension or to restore it to its prior legal condition (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691). Thus, the matter must be remitted to the Supreme Court, Richmond County, for a new determination of the amount of attorneys' fees to be awarded, and, if necessary, a hearing on that issue (see Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935-936; People's United Bank v Patio Gardens III, LLC, 143 AD3d at 691), and for the entry of an appropriate amended judgment thereafter.
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court